IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAWAUN SHOCKLEY, | § | |
| | § | No. 100, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1410001319 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 19, 2016
Decided: November 10, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 10th day of November 2016, having considered the no-merit brief and motion to withdraw filed by the appellant's counsel, and the response filed by the State of Delaware, it appears to the Court that:

(1)    During the afternoon of October 2, 2014, Wilmington police officers patrolling in the area of 6th and Tatnall Streets in downtown Wilmington stopped their patrol vehicle when they observed the appellant, Jawaun Shockley, standing in front of a residence on 6th Street. The officers knew that there was a court order for Shockley's arrest. When Shockley saw one of the officers exiting the patrol vehicle, he took off running. After a brief chase, one officer apprehended

Shockley, tasering him when doing so, while the other officer recovered a weapon Shockley had discarded during the chase. In a search of Shockley incident to his arrest, the police recovered drugs, cash, and two cell phones.

(2) Shockley's arrest led to his indictment on several drug and weapon offenses and other related offenses. After a two-day trial in October 2015, a Superior Court jury convicted Shockley of several counts in the indictment. At the February 19, 2016 sentencing, the Superior Court imposed seventeen years at Level V incarceration suspended, after serving six years and six months, for decreasing Levels of supervision. The court also ordered that Shockley "participate" in a Level V drug treatment program.[1] This is Shockley's direct appeal.

(3) On appeal, Shockley's Trial Counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c). Trial Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues in Shockley's case. Trial Counsel has advised the Court that he provided Shockley with a copy of the motion to withdraw, the no-merit brief and appendix in draft form, and a letter requesting that Shockley send him written points for the Court's consideration. In response to Trial Counsel's letter,

---

[1] Sentencing Tr. at 7 (Feb. 19, 2016).

Shockley submitted a two-page list of "things to appeal," which Trial Counsel included with the brief. The State has responded to the no-merit brief, Shockley's submission, and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2] Also, the Court must conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(5) In his written submission on appeal, Shockley asks the Court to review a discovery violation committed by the State. The discovery violation, which the State conceded at trial, concerned a forfeiture form signed by Shockley. When Trial Counsel objected to the form's admission into evidence because it should have been provided in discovery and was not, the Superior Court ruled that Shockley's signature on the form had to be redacted before the form would be admitted. As a result of the ruling, the State decided not to introduce the form.

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson v. Ohio*, 488 U.S. at 81.

Under these circumstances, there was no prejudice to Shockley from the discovery violation.[4]

(6) Next, Shockley points to an "unreported sidebar" as a basis for appeal. The sidebar in question was taken on the first day of trial when the prosecutor requested permission to approach the bench to discuss scheduling. Having reviewed the record, we are satisfied that the unreported sidebar did not result in prejudice to Shockley's rights.[5]

(7) Shockley next claims that his tasering by the police was unwarranted and constituted excessive force. Shockley does not explain, and the record does not reflect, how the police officer's use of the taser when apprehending Shockley is relevant to the criminal convictions on appeal. Consequently, Shockley's excessive force claim has no apparent bearing in the appeal.

(8) Finally, Shockley claims that his Trial Counsel's failure to object to certain evidence at trial constituted ineffective assistance of counsel. The claims are unavailing. This Court has consistently held that it will not consider claims of ineffective assistance of counsel on direct appeal.[6]

---

[4] *Service v. State*, 2015 WL 1234489, at *3 (Del. Mar. 17, 2015) (citing *Taylor v. State*, 982 A.2d 279, 283 (Del. 2008)).

[5] *Chattin v. State*, 2011 WL 987752, at *3 (Del. Mar. 21, 2011) (citing *Jensen v. State*, 482 A.2d 105, 119 (Del. 1984)).

[6] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

(9) Having carefully reviewed the record, the Court concludes that Shockley's appeal from his criminal convictions is "wholly without merit"[7] and devoid of any arguably appealable issue.[8] As for Shockley's sentence, however, the Court has determined that the sentence must be clarified to address two anomalies noted in the record. *First*, the written sentence order included in the record does *not* include the provision imposed at sentencing that Shockley must "participate" in a Level V drug treatment program.[9] *Second*, if Level V drug treatment is a required part of the sentence, it is not clear that Shockley is required to *successfully complete* the program (as is customary) before his Level V term is suspended for Level IV supervision. Because of the uncertainties noted in the sentence, the Court will remand this matter to the Superior Court for the limited purpose of reviewing the sentencing transcript and clarifying the written sentence order.

NOW, THEREFORE, IT IS ORDERED that:

A. The motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

B. This matter is REMANDED to the Superior Court for the limited purpose of reviewing the sentence imposed by the court on February 19, 2016, to

---

[7] Del. Supr. Ct. R. 26(c).
[8] *Penson* v. Ohio, 488 U.S. 75, 80 (1988).
[9] *Supra* note 1.

the extent reflected in paragraph (9) of this Order.  The Superior Court shall take any action it deems necessary to clarify or correct the sentence.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice